Justice EISMANN,
concurring in part and dissenting in part.
I concur in the majority opinion except with respect to Part III.B., in which I respectfully dissent. Under Idaho law, AgStar could continue selling personal property collateral to satisfy the unpaid amount of its debt.
Idaho Code section 6-108 limits deficiency judgments; it does not purport to limit collecting against collateral. It states:
No court in the state of Idaho shall have jurisdiction to enter a deficiency judgment in any case involving a foreclosure of a mortgage on real property in any amount greater than the difference between the mortgage indebtedness, as determined by the decree, plus costs of foreclosure and sale, and the reasonable value of the mortgaged property, to be determined by the court in the decree upon the taking of evidence of such value.
Collecting against collateral governed by the Idaho Uniform Commercial Code is expressly excluded from the provisions of Chapter 1, Title 6, of the Idaho Code. Idaho Code section 6-101(3) states:
As used in this section, an “action” does not include any of the following acts or proceedings:
[[Image here]]
(f) For the exercise of any right or remedy authorized by:
(i) The Idaho uniform commercial code, title 28, Idaho Code, except the securing of a judgment on the secured debt, including a deficiency judgment, in a court in Idaho;
Idaho Code section 6-101(1) begins, “There can be but one action for the recovery of any debt, or the enforcement of any right secured by mortgage upon real estate which action must be in accordance with the provisions of this chapter.” (Emphases added.) Exercising a remedy under the Idaho Uniform Commer *817 cial Code that does not seek either a judgment on a secured debt or a deficiency judgment is expressly stated not to be an action. A judgment on a secured debt would be a judgment for the amount owing on that debt. It would not include a judgment ordering the debtor to turn over collateral because that judgment would not be on the secured debt. The debt and the collateral are two separate things. Therefore, any such remedy is excluded from the provisions of Chapter 1, Title 6, Idaho Code.
Idaho Code section 6-101(8) cannot be circumvented by contending that the value of the real property purchased at the foreclosure sale should be credited against the amount owing. That holding is contrary to the provisions of Idaho Code section 6-101(1).
When the mortgaged property is ordered sold, Idaho Code section 6-101(1) states that “the court may, by its judgment, direct ... the application of the proceeds of the sale to the payment of the costs of the court and the expenses of the sale, and the amount due to the plaintiff.” The word proceeds means “the amount of money received from a sale.” Black’s Law Dictionary 1222 (7th ed. 1999). That definition is consistent with Idaho Code section 6-102, which states, “If there be surplus money remaining after payment of the amount due on the mortgage, lien or encumbrance, with costs, the court may cause the same to be paid to the person entitled to it, and in the meantime may direct it to be deposited in court.” A credit bid is considered to be the same as a cash bid. Fed. Home Loan Mortg. Corp. v. Appel, 143 Idaho 42, 45, 137 P.3d 429, 432 (2006). As this Court stated in the Federal Home Loan Mortgage case, “There is no reason why the holder of the deed of trust note should not be able to purchase the property at a trustee sale by bidding in all or part of the amount owing pursuant to the note.... His bid, if successful, immediately reduces or eliminates the debtor’s obligation.” Id.
When a mortgagee makes a credit bid, the amount of that bid is the proceeds of the sale. In order to obtain its desired result, the majority ignores Idaho Code section 6-101(1) and creates the fiction that the proceeds from the sale of real property are the value of the real property sold. I cannot agree with the majority because I believe that the Court should follow the applicable law. I would decide this case simply by following the statute.
The mortgagor has a statutory remedy if the mortgaged property is sold for significantly less than its fair market value. Pursuant to Idaho Code section 11-401, the mortgagor has a right of redemption. If the mortgagor could find a purchaser who was willing to pay what the mortgagor claims the property is worth, the mortgagor could sell its right of redemption to that purchaser.
Justice HORTON concurs.